# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

DALE THOMAS,

   Plaintiff,

  v.

MCLAREN GREATER LANSING,
A foreign limited liability company,

   Defendant.

             /

Case No. 1:25-cv-01234

Hon. Jane M. Beckering

## **STIPULATED PROTECTIVE ORDER**

The parties agree that discovery proceedings in this case may involve documents and testimony containing information that is subject to the protection of the Court under Fed. R. Civ. P. 26(c).  The parties stipulate and agree that that the following protective provisions shall govern the handling of testimony, information, and documents produced or obtained by the parties:

1.    Confidential Information

A.    This Protective Order shall apply to all information produced by either party during discovery in this case that is marked "CONFIDENTIAL."

B.    Designation: Each party shall have the right to designate as confidential and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by it which the producing party deems to contain information that is confidential.  Material that may be designated as confidential includes but is not limited to personnel records or personal information of individuals who are not a party to this lawsuit; compensation information; employee benefit information; financial and tax information; "health information," "protected health information," and "individually identifiable health information," as those terms are defined and used by the Health Portability and Accountability Act of 1996 ("HIPAA") and its regulations; and confidential commercial information.  Designations shall be made in good faith.  This designation shall be made by stamping each page of a document containing Confidential Information with the legend "CONFIDENTIAL" at or before the time the document is produced to the receiving party.  Any party may designate deposition testimony s confidential, in which case the pages of the transcript with the confidential testimony shall be marked "CONFIDENTIAL."

C.    Redactions: Each party that designates as confidential and subject to this Protective Order any thing, information, or document that is protected by HIPAA or its regulations may redact any health information, protected health information, or individually identifiable health information of individuals who are not parties to this case or otherwise involved in this case.

D.    Inadvertent Production: In the event that a party inadvertently produces Confidential Information without the "CONFIDENTIAL" legend, the producing party shall, promptly upon discovery of the inadvertent production, provide the receiving party with (i) written notice that the Confidential Information is designated Confidential under this Protective Order and (ii) replacement copies of the Confidential Information marked "CONFIDENTIAL."  Such post-production designation of Confidential Information shall not under any circumstances be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order.

2

2. <u>Restrictions on Confidential Information</u>

    A. <u>Purposes</u>: Confidential Information shall be used only for the limited purpose of preparing for and conducting this action (including any appeals) and not for any other purpose.

    B. <u>Recipients</u>: Confidential Information may be disclosed only to the following:

        i. Counsel of record for any party to this action, including attorneys, paralegals, clerks, and other employees of counsel's firms who are assisting in this case;

        ii. Consultants, investigators, experts, and their respective staffs who have been retained by a party to provide expert or opinion testimony or to assist in the preparation for trial or other proceedings in this case;

        iii. Vendors engaged by any party to assist in copying, organizing, filing, translating, converting, storing, retrieving or computer coding of documents or data, or designing programs for handling documents or data, in connection with this case;

        iv. Court reporters retained to record or transcribe deposition testimony taken in this case;

        v. Any witness, although only to the extent relevant to his or her potential testimony in this case;

        vi. Persons shown on the face of a document to have authored or received it;

        vii. Any person who the parties agree, in advance and in writing, may receive such discovery materials;

        viii. The Court and any mediators or arbitrators assigned to this case by the Court or by agreement of the parties, pursuant to the terms of Paragraph 4; and

        ix. Jurors.

3. <u>Notice to Recipients of Confidential Information</u>: Any party or representative of a party who provides Confidential Information to a person identified in Section 2(B)(ii), (iii), (iv), (v), (vi), (vii), or (ix) shall:

    A. Notify that person that the Confidential Information is being disclosed to him or her under the terms of the Protective Order and may not be disclosed other than as authorized by its terms, and

    B. Require that person destroy or return promptly all Confidential Information that is disclosed to him or her.

4.    In the event that any party wishes to either file with the Court or disclose Confidential Information in a manner not authorized by Section 2(B), the filing party shall notify the designating party of the filing party's intent to file/disclose Confidential Information at least seven days in advance of filing/disclosure to provide the designating party with the opportunity to apply to the Court for an order prohibiting or restricting the filing or disclosure or to move the Court to file the document under seal.  To the extent the parties seek to file a document under seal, they agree to comply with W.D. Mich. LCrR 10.6.

If the filing party is permitted to file the document or other evidence containing Confidential Information with the Court not under seal (whether such filing occurs through the designating party's decision to voluntarily permit the filing not under seal or pursuant to a Court order denying sealing of the filing), the filing party agrees to file with the Court a redacted copy of the document or other evidence, removing any and all sensitive information (such as, but not limited to, social security numbers, personal addresses, names or contact information of family members, confidential commercial information, etc.).

5.    This Protective Order is without prejudice to the right of the parties to oppose the admissibility of any Confidential Information produced on the grounds of lack of relevancy, privilege, or any other legal reason.

6.    Within 60 days after termination of this case by final judicial decision or otherwise, any party that has obtained Confidential Information from another party shall either destroy that information or return it to the party from whom it was obtained.  This requirement will not apply to Confidential Information that is contained in deposition transcripts or pleadings or that has been filed with the Court.

7.    This Protective Order does not preclude any party from seeking further relief or protective orders from the Court, or from seeking to modify this Protective Order, as may be appropriate under the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


DATE:  ___March 30, 2026_____        /s/ Ray Kent
                                           _____
                                           RAY KENT
                                           U.S. Magistrate Judge


APPROVED FOR ENTRY:

 _/s/ Scott P. Batey (w/ permission)_         _/s/ Erica L. Quigley_____
Scott P. Batey (54711)                       Erica L. Quigley (P84498)
BATEY LAW FIRM, PLLC                         MILLER JOHNSON

 Date: March 27, 2026                         Date: March 27, 2026

4